UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 2:19-CR-00016-5-JRG-CRW |
| | ) | |
| MICHAEL DWAYNE MCKENZIE, JR. | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Michael Dwayne McKenzie Jr.'s Motion Seeking Compassionate Release/Reduction in Sentence Pursuant to § 3582(c)(1)(A) [Doc. 244], Mr. McKenzie's Memorandum in Support [Doc. 244-1], and the United States' Response in Opposition [Doc. 249]. Mr. McKenzie raises two arguments for compassionate release. First, he appears to contend that he is entitled to compassionate release because "participated in and completed extensive drug educational programs, that has lead [sic] to himself becoming drug and dependency free." [Def.'s Mem. at 2]. Second, he requests compassionate release because his son, who suffers from epilepsy, will be undergoing surgery to alleviate his symptoms and his "medical bills have placed a heavy burden on petitioner's wife and family." [*Id.*].

"[O]nce a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (quoting *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)). Although 18 U.S.C § 3582(c) begins with the declaration that "[t]he court may not modify a term of imprisonment once it has been imposed," Congress enacted the First Step Act, Pub. L. No. 115-319, 132 Stat. 5194 (2018), which amended § 3582(c)(1) so that courts can consider motions for compassionate release once a defendant exhausts his administrative remedies with the Bureau of Prisons or thirty days after submitting a request to the warden:

> The court may not modify a term of imprisonment once it has been imposed except that . . . the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment[.]

§ 3582(c)(1)(A). The United States concedes that "[t]he Court has authority to consider McKenzie's motion because more than 30 days have passed since McKenzie asked the warden of his facility to request compassionate release on his behalf." [United States' Resp. at 1].

Under § 3582(c)(1)(A), the Court's task is to determine whether (1) "extraordinary and compelling reasons" warrant a reduction and whether (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A). "[C]ourts have universally turned to USSG § 1B1.13 to provide guidance on the 'extraordinary and compelling reasons' that may warrant a sentence reduction." *United States v. Coker*, No. 3:14-CR-085, 2020 WL 1877800, at *3 (E.D. Tenn. Apr. 15, 2020); *see United States v. Resnick*, ___ F. Supp. 3d ___, 2020 WL 1651508, at *2 (S.D.N.Y. Apr. 2, 2020) ("The First Step Act did not amend the eligibility requirements for compassionate release, which are set forth in 18 U.S.C. § 3582(c)(l)(A) and Section 1B1.13 of the United States Sentencing Guidelines.").

As to Mr. McKenzie's first argument—his contention that he is entitled to compassionate release because he completed drug-education programs and is no longer dependent on drugs— the United States correctly points out that a defendant's rehabilitation cannot by itself justify compassionate release. *See* USSG § 1B1.13 n.1(3) (stating that "[p]ursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement"). Next, as to Mr. McKenzie's second argument, familial hardship can constitute grounds for compassionate release in two circumstances: (1) "[t]he death

2

Case 2:19-cr-00016-JRG-CRW   Document 253   Filed 07/02/20   Page 2 of 3   PageID #: 3587

or incapacitation of the caregiver of the defendant's minor child or minor children" or (2) "[t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." *Id.* at n.1(C)(i)–(ii). Mr. McKenzie's argument for compassionate release does not fit within either of these circumstances. While the Court sympathizes with Mr. McKenzie's situation, he is not entitled to compassionate release under § 3582(c)(1)(A), and his Motion Seeking Compassionate Release/Reduction in Sentence Pursuant to § 3582(c)(1)(A) [Doc. 244] is therefore **DENIED**.

So ordered.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
